UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demarkio Quinshaun Ingram Bey, #34765-171, | ) C/A No. 4:24-6397-MGL-TER |
| Petitioner, | ) |
| vs. | ) |
| Warden, USP Lee, | ) Report and Recommendation |
| Respondent. | ) |

Petitioner moves for habeas relief of release.[1] (ECF No. 1). Petitioner sues five individuals. The appropriate respondent in a § 2241 action is Petitioner's custodian, which is the Warden at USP Lee, which is in Pennington Gap, Virginia. The Clerk shall list the parties on the docket as they are listed in the caption. The Clerk shall terminate the originally named respondents. A prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 441 (2004).

Petitioner is a federal prisoner and is currently in custody at USP Lee. Proper venue does not lie in the District of South Carolina under *Rumsfeld v. Padilla*, 542 U.S. 426, 442-444 (2004). District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas relief is "issuable only in the district of confinement." *Id.* at 442. The habeas statute confirms the general rule that "jurisdiction lies in only one district: the district of confinement." *Id.* at 443. "*Braden* in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." *Id.* at 445.

USP Lee is located within the jurisdiction of the United States District Court for the Western District of Virginia, Big Stone Gap Division, and that court is the proper district of confinement.

---

[1] Petitioner did not pay the fee or file a motion for *in forma pauperis*. In the interest of judicial economy and expediency and due to the frivolous nature of Plaintiff's filing and the lack of jurisdiction, the undersigned recommends the filing fee in this matter be suspended at this time.

Accordingly, this court lacks jurisdiction to entertain this Petition. *See Rumsfeld*, 542 U.S. at 445 ("[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction."); *United States v. Morgan*, 305 Fed. Appx. 61, 62 (4th Cir. 2008) ("A § 2241 petition ... must be brought in the district of incarceration."); *see Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte."); 28 U.S.C. § 1631 (noting a district court should transfer a habeas petition to the proper district court if such transfer would serve the interest of justice); *Tairou v. Cannon*, No. 1:19-cv-674-JFA-SVH, 2019 WL 1905859, at *1 (D.S.C. Apr. 5, 2019) (recommending transfer of § 2241 action to the appropriate district court with jurisdiction), adopted by 2019 WL 1900918 (D.S.C. Apr. 29, 2019).

Recently, the Fourth Circuit affirmed the dismissal, instead of a transfer, of a § 2241 action not filed in the custodial district court. *Nofflett v. U.S.*, No. 24-6487, 2024 WL 4814538, at *1 (4th Cir. Nov. 18, 2024). In the instant action, transfer is not in the interests of justice, as the filing is frivolous; Petitioner alleges he has been kidnapped by the BOP, references the Zodiak Constitution, attaches IRS documents accusing this court's address to be a taxpayer delinquent in filing returns, and other redemptionist/sovereign citizen related allegations.[2]

---

[2] *See Estrada Tr. v. All Assets Held in 57995-019 / Ismael Estrada*, No. CV 4:19-2968-MGL-TER, 2019 WL 6330745, at *2 (D.S.C. Oct. 25, 2019), *report and recommendation adopted sub nom.*, 2019 WL 6320153 (D.S.C. Nov. 26, 2019)(collecting cases that theories presented by redemptionist and sovereign citizen adherents have been recognized by the courts as frivolous and a waste of court resources )

## RECOMMENDATION

Accordingly, it is recommended that this § 2241 action be dismissed without prejudice.

November 21, 2024
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).